NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM TAYLOR,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES; STEVE BIGELOW; LUIS F. ROBLES; JAMES A. WILLIAMS, Jr.; ROBERT COLLINS; RICHARD NORTHAM; CLAYTON MCBRIDE,<br><br>       Defendants - Appellees. | No. 23-3842<br><br>D.C. No.<br>3:21-cv-08712-WHO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted June 24, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Plaintiff William Taylor appeals the district court's grant of summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in favor of defendants, the International Union of Painters and Allied Trades ("IUPAT") and six union officials, on his claims under the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"). 29 U.S.C. § 501. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's summary judgment ruling de novo. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc). We affirm.

1.      Taylor brings two claims alleging that defendants breached their fiduciary duties by failing to act on his request for an audit and by failing to make required financial reportings to the union membership. Taylor does not challenge the district court's conclusion that defendants did not breach their fiduciary duty because they were not required to conduct an audit under the IUPAT constitution, and he thus forfeits the issue. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992); *see also Stelling v. Int'l Bhd. of Elec. Workers Loc. Union No. 1547*, 587 F.2d 1379, 1389 (9th Cir. 1978) ("Section 501 serves as a means for courts to intervene in union affairs when a fiduciary breach is demonstrated, and such a breach occurs when union officials fail to comply with the union constitution."). Aside from conclusory allegations, Taylor offers no evidence to support his claim that defendants violated their financial reporting obligations under the IUPAT constitution. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of

specific facts, not sweeping conclusory allegations."). Defendants are entitled to judgment on Taylor's audit and financial reporting claims.

2. Taylor next asserts that defendants violated the IUPAT constitution by providing inadequate notice of two bylaws referenda held in August 2018, and by holding the September 2021 referendum in an "open air parking lot." Defendants are entitled to judgment on Taylor's bylaws referenda claims.

Section 125 of the IUPAT constitution requires that notice of a bylaws referendum be "given by mail to the membership of the District Council at least 15 days prior to the meeting(s)." It is undisputed that defendants sent notices of the August meetings by first-class mail at least 15 days prior to the scheduled votes, and that Taylor received these notices. *See United Bhd. of Carpenters & Joiners of Am., Lathers Loc. 42-L v. United Bhd. of Carpenters & Joiners of Am.*, 73 F.3d 958, 961 (9th Cir. 1996) (holding that a "union's interpretation of its own rules, regulations, and constitution is entitled to a high degree of deference"); *Stelling*, 587 F.2d at 1388 (explaining that we "will interfere only where the official's interpretation [of the union's constitution] is not fair or reasonable" (quotation omitted)).

Taylor alleges defendants violated §§ 109, 125, and 191 of the IUPAT constitution by holding the September 2021 bylaws referendum in a parking lot. But neither §§ 109 nor 191 pertain to the procedures for bylaws referenda. And § 125 merely states that a meeting to vote on bylaws "may be regular or special" but that

3                                                                 23-3842

voting "shall be by secret ballot." Taylor offers no evidence suggesting that the September referendum was not a "regular" or "special" meeting, or that the ballots were not secret.[1]

3.    Taylor also fails to offer sufficient evidence to support his claim that defendants violated the IUPAT constitution by giving union members 5- and 8-days' notice before holding collective bargaining ratification votes. Unlike the notice requirements for bylaws referenda, the IUPAT constitution does not impose a specific notice period for ratification of collective bargaining agreements.[2] The IUPAT constitution states that "[i]n no case shall a District Council or unaffiliated Local Union take any . . . contract ratification action until all affected members in good standing have been *duly notified*. It shall be the duty of the Business Manager/Secretary-Treasurer . . . to give the affected members reasonable notice." Defendants' interpretation that the IUPAT constitution requires reasonable notice under the circumstances, as opposed to a "fixed number" of days' notice, is

---

[1]    We also reject Taylor's claims that defendants violated § 125 by not having bylaws amendments approved by the District Council, by not providing redline copies of the bylaws, and by lacking a quorum for a referendum. There is no dispute in the record that the District Council approved the amendments. Additionally, § 125 does not require either redline copies of the amendments or a quorum for bylaws referenda.

[2]    Taylor contends that the district court erred by analyzing these claims under § 252 of the IUPAT constitution, and that §§ 109, 125, and 191 govern instead. Taylor is mistaken. Section 252 expressly applies to "contract ratification action[s]" while §§ 109, 125, and 191 do not.

reasonable, and Taylor cites no evidence of bad faith to create a genuine issue of material fact.[3] *See Stelling*, 587 F.2d at 1389. Taylor further alleges that members were not permitted to read the collective bargaining agreements before the votes, but the record does not support this claim.

4.      Last, Taylor claims defendants violated the IUPAT constitution by blocking and interrupting his speech at a union meeting in 2022. In support of his claim, Taylor alleges that defendant McBride shouted, "Can't we shut him up?" when Taylor was speaking at a union meeting. While § 411(a)(2) of the LMRDA protects union members' rights to free speech, Taylor bases his claim under § 501, which pertains to union officers' fiduciary duties. *Compare* 29 U.S.C. § 411(a)(2), *with* 29 U.S.C. § 501. Union officials breach their fiduciary duties when they "fail to comply with the union constitution." *Stelling*, 587 F.2d at 1389. Taylor fails to identify a specific IUPAT constitutional provision that defendants violated. *See id.* What is more, Taylor concedes that the 2022 incident has not prevented him from participating in or speaking at other union meetings. Defendants are thus entitled to summary judgment.

**AFFIRMED.**

---

[3]      Taylor also claims that certain bylaws referenda and collective bargaining ratification votes violated then-existing COVID-19 health orders. Because Taylor concedes that the COVID-19 health orders are no longer in effect, his claims for declaratory and injunctive relief to force defendants' compliance with these orders is moot. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).